Johnson v. The State.

ALFRED JOHNSON v. THE STATE.

26 117|
36a 380|

A motion for a certiorari to perfect a record by bringing up a transcript of an interlocutory judgment, and of the recognizance of the defendant, in which motion it is not shown that such a judgment was rendered, or such a recognizance entered into, is insufficient; and there being no recognizance in the record, the appeal must be dismissed.

An indictment for an assault upon a person " then and there being an officer in the lawful discharge of his duties," is bad, as an indictment for an aggravated assault, unless it further charges that is was known or declared to the defendant that the person assaulted was an officer discharging an official duty.

A charge in an indictment that the person assaulted was an officer in the lawful discharge of his duties, will not vitiate it as an indictment for a simple assault; but the court below ought to have instructed the jury that the defendant could not be punished for an aggravated assault under such an indictment.

APPEAL from Collin.    Tried below before the Hon. R. L. Waddill.

The defendant, being indicted for an assault on one " James L. Read, then and there being an officer in the lawful discharge of his duty," moved in the court below that the words of aggravation be struck out; upon which motion it does not appear that any judgment was rendered.    Nor does it appear that the defendant entered into a recognizance upon the appeal.

The court below charged the jury—" If the jury believe from the evidence that Johnson assaulted Read while Read was acting as constable, and that Johnson knew at the time he made the assault that Read was discharging his official duty, you will find the defendant guilty of an aggravated assault."

*John C. Easton,* for appellant, suggested a diminution of the record, in this,—1st. That there is no judgment on the motion to strike out of the indictment the aggravated assault.    2nd. That there is no recognizance of appellant in the transcript.

*Attorney-General,* for appellee.

BELL, J.—The motion which has been submitted for a writ of certiorari to bring up a more perfect record, is insufficient, because it does not clearly show that the appellant entered into recognizance in the court below, or that there was any judgment of the court below upon the motion to strike out the charge of aggravation from the indictment.    The case must therefore be dismissed for want of a recognizance.

It is proper however to say that the indictment does not purport to be an indictment for an aggravated assault, and is not necessarily to be considered as such, although it is plain from the charge of the court, and other portions of the record that it was so treated in the court below.    The indictment was not a good one for an aggravated assault, because it did not charge that it was known or declared to the defendant that the person assaulted was an officer discharging an official duty.    It did not vitiate the indictment as an indictment for a simple assault, that it alleged that the person

assaulted was then and there an officer in the lawful discharge of his duties, though the court below ought to have instructed the jury that the defendant could not be punished for an aggravated ssaault upon such an indictment.

The appeal is dismissed for want of a recognizance.

Appeal dismissed.