The State v. Henry Coffey.

1. INDICTMENT — AGGRAVATED ASSAULT. — An indictment which charged that A B " did upon C D unlawfully make an assault, he, the said C D, then and there being a peace officer, to wit, town constable for, &c., and then and there being in the lawful discharge of

his duties as such officer, which fact was then and there well known to said A B," charges an aggravated assault.

2. INDICTMENT—SURPLUSAGE.—The further charge contained in the same count of the indictment, that "the said A B did then and there resist, hinder, and obstruct him, the said C D, in the lawful discharge of his duties as such officer," will be regarded as surplusage.

3. INDICTMENT.—Such an indictment does not charge the defendant with two separate and distinct offenses, and it was error to require the District Attorney to elect whether he would prosecute the defendant for an aggravated assault or for resisting an officer.

APPEAL from Hopkins. Tried below before the Hon. W. H. Andrews.

The character of the indictment in this case is shown by the syllabus. Coffey moved to quash the indictment for the following reasons:

1st. Because said indictment pretends to charge two separate and distinct offenses different in their character.

2d. Because the first count in the indictment does not charge that said Bridges (the officer) was attempting to execute a lawful warrant of arrest.

3d. Because the second count in the indictment does not charge that at the time said resistance was made the said Bridges was attempting to execute any lawful warrant of arrest.

The judgment of the court on the motion recites, that because "two separate and distinct offenses, to wit, aggravated assault and resisting an officer in the lawful discharge of his duties, are attempted to be charged in said indictment, the District Attorney was put upon his election as to which of said offenses he would prosecute; and the District Attorney having said that he was not willing to prosecute the said charge of aggravated assault, and having elected to prosecute this cause upon the charge of resisting an officer, * * * it is therefore considered, ordered, and adjudged that the said indictment be, and the same is hereby, quashed;" and from this judgment the State appealed.

*George Clark, Attorney General,* for the State, cited King *v.* The State, 10 Tex. 281; State *v.* Rutherford, 13 Tex. 26.

*I. A. B. Putman,* for appellee.

REEVES, ASSOCIATE JUSTICE.—It appears from the recitals in the judgment rendered in this cause that the court treated the indictment as charging two separate and distinct offenses: one an aggravated assault, and the other for resisting an officer in the lawful discharge of the duties of his office. So regarding it, the District Attorney was put upon his election as to which one of the charges he would prosecute. Having declined to prosecute for the aggravated assault, he decided to prosecute for resisting the officer; and thereupon the court quashed the indictment on the grounds stated in defendant's motion, and ordered that he should be discharged from custody; to which the District Attorney excepted, and gave notice of appeal.

The motion to quash contained the ground upon which the court acted in holding the indictment insufficient, and the further ground that the indictment did not show that the defendant was attempting to execute a lawful warrant of arrest.

From an inspection of the indictment it will be seen that it was not framed in reference to a first and second count alleging distinct offenses, as seems to have been supposed, and upon which the court based its ruling in sustaining the motion. The indictment, as we think, does not charge separate offenses, and the District Attorney should not have been required to make an election upon the supposition that it did.

The offense charged is an aggravated assault, and the allegations that the defendant resisted, hindered, and obstructed the officer, Bridges, in the discharge of his duties, may be regarded as surplusage.

The Criminal Code (art. 2150) makes an assault or battery aggravated "when committed upon an officer in the

lawful discharge of the duties of his office, if it was known or declared to the offender that the person assaulted was an officer discharging an official duty."

The allegations of the indictment meet this requirement. It avers an assault on Bridges, a peace officer, he being constable for the corporation of the town of Sulphur Springs, in Hopkins county, and that he was in the lawful discharge of the duties of his office, and that his character as such was known by defendant.

The chapter "relating to the arrest and custody of prisoners" defines an "officer" in the meaning of that chapter to be "a sheriff, deputy sheriff, constable of a beat, marshal or constable of a city or town, or any person specially authorized by warrant to arrest." (Art. 1964.) And under the chapter entitled "Of arrest without warrant" it is provided: "A peace officer, or any other person, may, without warrant, arrest an offender when the offense is committed in his presence or within his view, if the offense is one classed as a felony or as an offense against the public peace." (Art. 2677.)

The indictment does not charge the defendant with resisting process, but he is charged with making an assault on Bridges as a peace officer in discharging the duties of his office.

The indictment follows the statute; and if we look to the form, (if forms were required,) it follows Wharton's Precedents of Indictments, and there was error in sustaining the defendant's motion to quash; for which the judgment is

REVERSED AND CAUSE REMANDED.