FRANK BRISTOW v. THE STATE.

*No. 1342. Decided October 14th, 1896.*

1. **Aggravated Assault Upon an Officer—Indictment.**

An indictment, for an assault upon an officer, is fatally defective if it fails to allege that the officer was known as an officer by the accused, or that the officer declared to the accused that he was an officer. See allegations in the indictment held to be meaningless.

2. **Execution of Attachment for a Witness by an Officer—Searching Premises.**

Quaere as to how far an officer may go in entering and searching a house for a witness under a writ of attachment in view of the constitutional guaranty against unlawful searches?

APPEAL from the County Court of Henderson. Tried below before Hon. J. A. McDONALD, County Judge.

Appeal from a conviction for aggravated assault upon an officer; penalty, a fine of $25.

The indictment is set out in the opinion. A motion by defendant to quash the indictment, because it fails to allege any offense in plain and intelligible words, was overruled.

*Starr & Allison, Bishop & Eustace,* for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

[No brief found with the record.—Reporter.]

DAVIDSON, JUDGE.—Appellant was convicted of an aggravated assault, and his punishment assessed at a fine of $25, and prosecutes this appeal. The charging part of the indictment is as follows: "That Frank Bristow * * * did then and there unlawfully in and upon John McRae, commit an aggravated assault; the said John McRae then and there being an officer, to-wit: a riding bailiff for the grand jury in and for Henderson County, Texas, at the February term, 1896, of the

District Court of said county, and then and there in the lawful discharge of the duties of said office, and the said Frank Bristow then and there being informed and knowing that the said John McRae was then and there discharging an official duty by the use of a dangerous weapon or the semblance thereof, to-wit: a gun, in an angry and threatening manner, with the intent to alarm the said John McRae and under circumstances calculated to effect that object." Appellant made a motion to quash the indictment because it failed to charge an offense against the laws of this State. By an inspection of said indictment, it will be seen that it fails to charge that the defendant knew, or that it was declared to him, that John McRae, the person alleged to have been assaulted, was an officer. It is true that in the first part of the indictment the allegation is made that said McRae was a bailiff of the grand jury and an officer, but, when the indictment comes to charge knowledge on the part of the defendant, it fails to allege that said McRae was known by the defendant to be an officer, or that he declared to the defendant that he was such officer. Under the decisions of this State in State v. Coffey, 41 Texas, 46, and Johnson v. State, 26 Texas, 117, it is held that this is an essential averment. There is also another defect in said indictment, to-wit: to read it connectedly, instead of alleging that the defendant, Bristow, made an assault on John McRae by the use of a dangerous weapon, etc., the reading thereof is to the effect that the said McRae was then and there discharging an official duty by the use of a dangerous weapon or the semblance thereof, with the intent to alarm himself, the said John McRae. This is the plain reading of the said indictment, and renders it meaningless. The pleader, it seems, attempted to combine in the indictment a charge of resisting an officer with one for an aggravated assault. If the indictment were correctly and clearly drawn, this would not vitiate it, but it is not so drawn. It is also insisted that this case should be reversed because the evidence fails to show an offense; the contention being that, if an assault was committed, the appellant had a right to protect his own premises against an unlawful search, and was justified in doing what he did. The proof shows that McRae was a riding bailiff for the grand jury of Henderson County, and was armed with an attachment for one Matilda Boles. He stated that he was told by the foreman of the grand jury that he was authorized to search any and all places for said witness. He went to the residence of one Fayette Bristow, where he had been informed said witness was, but which was not her home. He was invited in and went on the gallery, and stated to the defendant, Frank Bristow, that he had an attachment for Matilda Boles, from the grand jury, and asked if she was there, and was told that she was not. McRae stated that he would have to look for himself and see; that he would search the house—and started in the house, going a little ahead of the defendant. As he passed in the door the defendant pushed by him, stepped to the opposite side of the room, reached for and took down a double-barreled shotgun from over a door, brought it down in a "sorter present position," but did not have the

breach to his arm, but under it, and commanded McRae to stop, and told him if he attempted to search that house he would kill him. McRae had gotten about two steps inside of the room at the time. After some hubbub and excitement among the female members of the family, and after having been ordered out by them, McRae stepped back on the gallery. He was then asked by Mrs. Bristow to produce and show his authority to search her house. He told her he did not have to show it, but here it was, and pulled the attachment out of his pocket and held it in his hand. They continued to order him to leave, and he went out and got on his horse and rode off. It seems that the officer in this case was not armed with a search warrant, but merely with an ordinary attachment for a witness. Art. 523, Code Crim. Proc., 1895, provides for the issuance of a writ of attachment by the foreman of the grand jury. This writ is served as any other writ of attachment. The statute also provides that, where a witness evades service of a writ, such witness may be fined. Without deciding how far an officer may go in entering and searching a house for a witness under a writ of attachment —as it is not necessary to a disposition of this case—we would observe that our Constitution guaranties all citizens against unlawful searches. See, Section 9 of the Bill of Rights; 1 Bishop's Crim. Proc., §§ 209, 244, 245; Cooley, Const. Lim. (4th Ed.), p. 372. In executing a search warrant under our law regulating search warrants, it is necessary to describe the place. And only in a felony case, it would appear, is an officer authorized to break down the door of a residence in the execution of a warrant for an offender. Because the indictment in this case was defective, as before pointed out, the judgment is reversed and the cause dismissed.

*Reversed and Dismissed.*