CABELL JOHNSON v. THE STATE.

No. 2720.    Decided November 5, 1913.

1.—Aggravated Assault—Complaint—Arrest of Judgment.

The use of the word, "did," twice in the complaint did not render the same meaningless or uncertain, and by treating the word, "did," where first used as surplusage, the offense was accurately charged.

2.—Same—Charge of Court—Intent to Injure.

Where there was no question of innocent intent raised by the evidence, in a prosecution for aggravated assault, the omission of the words, "with intent

to injure," in the latter part of the   charge was not reversible error; besides, no special charge was requested.

Appeal from the District Court of Young.   Tried below before the Hon. E. W. Fry.

Appeal from a conviction of aggravated assault; penalty, sixty days confinement in the county jail.

The opinion states the case.

*Arnold & Arnold,* for appellant.—On question of the court's charge: ·Crawford v. State, 21 Texas Crim. App., 454; Lee v. State, 85 S. W. Rep., 798.

On question of insufficiency of complaint: Barfield v. State, 39 Texas Crim. Rep., 342.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was convicted of aggravated assault and his punishment assessed at sixty days confinement in the county jail.

In the agreed statement of facts it is admitted that appellant assaulted Bryan Terrell, striking him on the head with a bottle of whisky, and inflicting serious bodily injury.

The record presents but two questions for review.   Appellant moved to arrest the judgment, the complaint alleging that appellant "did on or about the 10th day of November 1912, and before the making this complaint, then and there did," etc., he contending that the use of the word "did" twice as above stated, rendered the complaint vague, indefinite, and meaningless.   The court correctly overruled the motion. The use of the word twice does not render the complaint meaningless, nor uncertain, but the complaint succinctly charges the offense of aggravated assault when taken as a whole, and by treating the word "did," where first used, as surplusage, the offense would be charged accurately in the complaint, and by leaving it in the complaint no other meaning could be given to the language of the complaint.   Branch's Crim. Law, sec. 905.

The other complaint is that in submitting the assault the court did not require the jury to find that appellant assaulted Terrell with the intent to injure him.   In defining assault, the court instructed the jury:   The use of any unlawful violence upon the person of another, with the intent to injure such person, is a simple assault, and a simple assault becomes aggravated when the instrument used produces serious bodily injury.   As there is no question of innocent intent raised by the evidence in the case, and as the court had thus defined assault, the omission of the words, "with intent to injure" later in the charge, no reversible error was committed.   This is a misdemeanor and no special charge was requested in regard thereto.   Did the evidence raise the

issue that there was no intent to injure, a more serious question would be presented.

The judgment is affirmed.

*Affirmed.*