WILLIAM M. STEVENSON V. THE STATE.

No. 11138.   Delivered October 10, 1928.

The opinion states the case.

*J. A. Thomas* and *I. J. Curtsinger,* of San Angelo, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is aggravated assault; punishment fixed at a fine of one hundred dollars.

The date of the offense is charged in the following words:

"* * * On or about the 22nd day of November, A. D. one thousand nine hundred and twenty twenty five and anterior to the presentment of this indictment."

A specific averment of the date upon which the offense was committed is an essential element of the indictment. It has often been held a matter of substance and not of form. See Johnson v. State, 160 S. W. Rep. 702; Mealer v. State, 145 S. W. Rep. 355. The reason for holding the averment a matter of substance is that it is necessary that the averment of the date of the offense in an indictment be the time within the period of limitations of the particular offense in question. An averment of an impossible date or of an uncertain date does not comply with the demands of the law with reference to indictments. See Blake v. State, 3 Tex. Crim. App. 149; Drummond v. State, 4 Tex. Cr. App. 150, and other cases listed in Branch's Ann. Tex. P. C., pp. 230–231; also Nelson v. State, 1 Tex. Crim. App. 556, and other cases collated in Branch's Ann. Tex. P. C., p. 231. If full effect is given to the language used in the averment quoted, there is obviously no such date as that stated. If a part of the averment be regarded as surplusage, the court is confronted with the dilemma as to which part it would be authorized to ignore. If the words "twenty five" are treated as surplusage, the averment would read: "On the 22nd day of November, 1920," a time so long before the filing of the indictment as to bar the offense by the statute of limitations. The uncertainty as to which of the numerals is to be omitted leaves the indictment ambiguous as to the date of the offense. The State's Attorney before this court concedes that the indictment is fatally defective. In this conclusion this court is constrained to concur.

The judgment is reversed and the prosecution is ordered dismissed.

*Reversed and dismissed.*