E. D. SLAUGHTER v. THE STATE.

No. 20675. Delivered December 13, 1939.

The opinion states the case.

*Earl Earp,* of Monahans, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State

BEAUCHAMP, Judge.

The offense is aggravated assault; penalty assessed at a fine of $100.00 and confinement in the county jail for sixty days.

The prosecution is under Art. 1147, P. C., 1925, which declares that an assault or battery becomes aggravated: "When committed upon an officer in the lawful discharge of the duties of his office, if it was known or declared to the offender that the person assaulted was an officer discharging an official duty."

The transcript contains the complaint and information filed in the case, neither of which complies with this article of the statute in alleging that it was known or declared to the offender that the person assaulted was an officer in the discharge of his official duty. Inasmuch as it is necessary to prove this fact, the failure to allege it in the information is fatal. Therefore, the information found in the transcript would not support the conviction. State v. Coffey, 41 Tex. Rep. 46; Johnson v. State, 26 Tex. Rep. 117, Bristow v. State, 37 S. W. 326; Lacoume v. State, 143 S. W. 626; Stevenson v. State, 9 S. W. (2d) 1108.

Furthermore, a transcript of considerable procedure, including several motions, as well as what purports to be a statement of the things said and done in the trial of the case, is in the record, bearing the original signatures of the prosecuting attorney and the attorney for the defense. This is approved by the judge as the statement of facts in the case. By this "statement of facts," it is disclosed that the prosecuting attorney read to the jury only the complaint in the case and did not read the information. It was stated and agreed that the appellant was being tried on this complaint.

We are asked to reverse the case on the ground that the appellant was not tried upon the information appearing in the transcript. Inasmuch as the information which does appear in the transcript and the complaint filed in the case do not comply with the statute, it is not necessary to pass upon that question.

The case is reversed and the prosecution ordered dismissed.