TED FORD V. STATE.

No. 26,061. November 26, 1952.

*Ray Martin*, Wichita Falls, for appellant.

*George P. Blackburn*, State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for aggravated assault upon an officer while in the discharge of his official duties (Sec. 1 of Art. 1147, Vernon's P. C.), with punishment assessed at a fine of $100.

Said Sec. 1 of Art. 1147, Vernon's P. C., reads as follows:

("An assault or battery becomes aggravated . . .)

"When committed upon an officer in the lawful discharge of the duties of his office, if it was known or declared to the offender that the person assaulted was an officer discharging an official duty."

Knowledge or notice to the offender that the person assaulted is an officer discharging an official duty is an essential element of the offense of aggravated assault, without which the assault would not be more than a simple assault.

The instant complaint and information contain no such alle-

gation, and are therefore insufficient not only to charge aggravated assault but also to support the judgment entered, which carried a punishment in excess of the maximum fixed to the offense of simple assault. The case of Slaughter v. State, 138 Tex. Cr. R. 85, 134 S. W. 2d 285, and authorities there cited are direct authority for holding the information defective.

Inasmuch as the complaint and information are deemed sufficient to charge the offense of simple assault, the prosecution thereunder will not be ordered dismissed.

Accordingly, the judgment is reversed and the cause remanded.

Opinion approved by the court.