**Antoine J. PAYNE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 55811.**

Court of Criminal Appeals of Texas, En Banc.

April 16, 1980.

**912**

Randy Schaffer, court appointed on appeal only, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Robert Ross, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S MOTION FOR REHEARING

ONION, Presiding Judge.

The original panel opinion is withdrawn.

On original submission this conviction for deadly assault on a peace officer, where punishment was assessed at twenty (20) years' imprisonment, was reversed and remanded on grounds that the court's charge to the jury was fundamentally defective since it allowed the jurors to convict appellant on a theory not alleged in the indictment.

The offense of deadly assault on a peace officer is defined in V.T.C.A., Penal Code, § 22.03(a), in part as:

"(a) A person commits an offense if, with a firearm or a prohibited weapon, he intentionally or knowingly causes serious bodily injury:

"(1) to a peace officer where he knows or has been informed the person assaulted is a peace officer:

"(A) while the peace officer is acting in the lawful discharge of an official duty; . . ."

The indictment charged that appellant did

"with a pistol intentionally and knowingly cause serious bodily injury to Randy N. Mullens, hereafter styled the Complainant, a peace officer in the lawful discharge of an official duty, *knowing* at the time that the Complainant was a peace officer." (Emphasis supplied.)

The trial court charged the jury:

"Therefore, if you believe from the evidence beyond a reasonable doubt that the defendant, Antoine J. Payne, did, in Harris County, Texas, on or about the 29th day of September, 1974, with a firearm, to-wit, a pistol, intentionally or knowingly cause serious bodily injury to Randy N. Mullens, and that the said Randy N. Mullens was then and there a peace officer in the lawful discharge of an official duty, and that the defendant *knew, or had been informed*, that Randy N. Mullens was at that time a peace officer, you will find the defendant guilty." (Emphasis supplied.)

Appellant makes a distinction in this statute that has not been found before, when he argues that "knowing" and "being informed of" present two different fact situations under which a person can be indicted, tried, and convicted.

As nearly as we have been able to trace, the precursor to V.T.C.A., Penal Code,

§ 22.03(a), originated in 1858 during the Seventh Legislature and stated:

"Article 488 shall hereafter read as follows:

"An assault or battery becomes aggravated when committed under any of the following circumstances:

"1. When committed upon an officer in the lawful discharge of the duties of his office, if it was known or declared to the offender that the person assaulted was an officer discharging an official duty." 4 Gammel's Laws of Texas, Ch. 121, p. 170.

This statute was incorporated verbatim as Article 488 of the 1859 Penal Code, remained as written in Article 601 of the 1895 Penal Code, and was brought forward without change as Article 1022, § 1, of the 1911 Penal Code and as Article 1147, § 1, of the 1925 Penal Code. In *Bristow v. State*, 36 Tex.Cr.R. 379, 37 S.W. 326 (1896), this court addressed the question of whether an indictment was defective under the former Penal Code, stating:

"By an inspection of said indictment, it will be seen that it fails to charge that the defendant knew, or that it was declared to him, that John McRae, the person alleged to have been assaulted, was an officer. It is true that in the first part of the indictment the allegation is made that said McRae was a bailiff of the grand jury and an officer, but, when the indictment comes to charge *knowledge on the part of the defendant*, it fails to allege that said McRae was known by the defendant to be an officer, or that he declared to the defendant that he was such officer. Under the decisions of this state in *State v. Coffey*, 41 Tex. 46, and *Johnson v. State*, 26 Tex. 117, it is held that this is an essential averment." (Emphasis supplied.)

Clearly, the court considered the statutory phrases "if it was known or declared to the offender" as "an essential averment" (singular) in charging "*knowledge* on the part of the defendant" (singular). The court did not recognize two distinct sets of circumstances. See also *Ford v. State*, 252 S.W.2d 948 (Tex.Cr.App.1952), where it was again held:

"Knowledge or notice to the offender that the person assaulted is an officer discharging an official duty is an essential element of the offense of aggravated assault, without which the assault would not be more than a simple assault." 252 S.W.2d at 948–949 [citing *Slaughter v. State*, 138 Tex.Cr.R. 85, 134 S.W.2d 285 (Tex.Cr.App.1939)].

The language of the present Penal Code shows simply a shift of the syntactic actor from its obscure and ambiguous position as the object of a preposition ("to the offender") in the old Penal Code to the subject of the adverbial clause ("where he knows or has been informed"). It is difficult to see how the present statute, as a direct descendant of Article 488 of the 1859 Penal Code and its subsequent codifications should now be interpreted to show a "legislative intent" that was construed nowhere in case law extending back into the last century.

In the instant case, therefore, the charge to the jury did not propose a fact situation for conviction different from that alleged in the indictment. It added a phrase that, historically, has been part of a singular concept of "knowledge on the part of the defendant" (*Bristow*, supra) however acquired, either actively or passively. The ground of error is overruled.

■ In his second ground of error appellant argues that the charge to the jury was fundamentally defective because the jury was instructed on the presumption that appellant knew that the complainant was a peace officer if the complainant was wearing a distinctive uniform indicating his employment as a peace officer, when such a presumption is unconstitutional in violation of the due process clauses of the constitutions of the United States and the State of Texas.

The jury had heard evidence that when they saw appellant, officer Mullens and his

partner were in uniform and announced their presence, that during the chase Mullens never lost sight of appellant, that he was at one point eight or ten feet behind appellant, and that when he was shot three times he was five or six feet from appellant.

The statutes under consideration are V.T.C.A., Penal Code, § 22.03(b), which says

"The actor [1] is presumed to have known the person assaulted was a peace officer if he was wearing a distinctive uniform indicating his employment as a peace officer."

and V.T.C.A., Penal Code, § 2.05, which says

"When this code or another penal law establishes a presumption with respect to any fact, it has the following consequences:

"(1) if there is sufficient evidence of the facts that give rise to the presumption, the issue of the existence of the presumed fact must be submitted to the jury, unless the court is satisfied that the evidence as a whole clearly precludes a finding beyond a reasonable doubt of the presumed fact; and

"(2) if the existence of the presumed fact is submitted to the jury, the court shall charge the jury, in terms of the presumption and the specific element to which it applies, as follows:

"(A) that the facts giving rise to the presumption must be proven beyond a reasonable doubt;

"(B) that if such facts are proven beyond a reasonable doubt the jury may find that the element of the offense sought to be presumed exists, but it is not bound to so find;

"(C) that even though the jury may find the existence of such element, the state must prove beyond a reasonable doubt each of the other elements of the offense charged; and

"(D) if the jury has a reasonable doubt as to the existence of a fact or facts giving rise to the presumption, the presumption fails and the jury shall not consider the presumption for any purpose."

The trial court charged the jury:

"If Randy N. Mullens was wearing a distinctive uniform indicating his employment as a peace officer that is a circumstance from which you could draw the inference and find that in the light of the surrounding circumstances shown by the evidence that the defendant knew that Randy N. Mullens was a peace officer.

"However, a jury is never required to make this inference, and it is the exclusive province of the jury to determine whether the facts and circumstances shown by the evidence in the case warrant any such inference, which the law permits to be drawn, if Randy N. Mullens was wearing a distinctive uniform indicating his employment as a peace officer at the time of the assault, if any.

"If you believe from the evidence beyond a reasonable doubt that Randy N. Mullens, at the time of the assault, if any, was wearing a distinctive uniform indicating his employment as a peace officer, then you may draw from such finding the inference that the defendant knew that Randy N. Mullens was a peace officer, but you are not bound to draw any such inference, and even if you do draw any such inference, the State must still prove beyond a reasonable doubt each and all of this and the other elements of the offense charged.

"If you have a reasonable doubt that the defendant knew that Randy N. Mullens was a peace officer, or if you have a reasonable doubt as to any other element of the offense, you will find the defendant not guilty."

Appellant did not object to the charge but contends on appeal that it contained

---

1.  V.T.C.A., Penal Code, § 1.07(a)(2), now reads:

   "(2) 'Suspect' means a person whose criminal responsibility is in issue in a criminal action. Whenever the term 'actor' is used in this code, it means 'suspect'."

fundamental error because there was no rational connection between the fact proven (victim wearing uniform indicating peace officer) and the ultimate fact presumed (appellant's knowledge of peace officer), absent a statutory requirement that appellant saw the person assaulted or saw the uniform.

Appellant relies principally upon *Leary v. United States*, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969), wherein the United States Supreme Court held unconstitutional as a violation of due process of law a federal statute that authorized a jury to infer from a defendant's possession of marihuana that he knew that it had been illegally imported. There it was said that,

"... a criminal statutory presumption must be regarded as 'irrational' or 'arbitrary,' and hence unconstitutional, unless it can at least be said with substantial assurance that the presumed fact is more likely than not to flow from the proved fact on which it is made to depend." 395 U.S. at 36, 89 S.Ct. at 1548, 23 L.Ed.2d at 82.

In the instant case the "proved fact" is that officer Mullens was wearing a police uniform. Though it was at night, there was light coming from the warehouse when Mullens first announced himself to appellant; there were street lights illuminating the freeway access road and the freeway as Mullens chased appellant across those roadways, and at one point appellant turned and looked at Mullens some eight or ten feet away; then on the other side of the freeway the area by the Tierwater apartments was lighted when appellant turned and fired at Mullens from five to six feet away. It can be said with substantial assurance that the presumed fact, i. e., appellant's knowledge that Mullens was a peace officer, more likely than not came from the proven fact that Mullens' wore a uniform under circumstances that imparted that knowledge to appellant. It would have been superfluous to charge that appellant *saw* the uniform, for under the surrounding circumstances of the case the jury was justified in inferring that knowledge was based upon the empirical evidence of sight. The statute is not flawed because it lacks the element of seeing. The ground of error is overruled.

In his third ground of error appellant contends that the evidence was insufficient to establish that officer Mullens sustained serious bodily injury as alleged in the indictment.

V.T.C.A., Penal Code, § 1.07(a)(34), defines "serious bodily injury" as

"... bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ."

The record reflects that officer Mullens was struck by three bullets fired by appellant; one shot pierced his bulletproof vest but did not enter his chest; another hit his side, deflected off a rib, went through the right lung and lodged in his spine; a third shot hit his left arm. Medical reports introduced into evidence without objection at trial show that Mullens was on the critical list when brought to Ben Taub Hospital on September 29, 1974. That same day he received a tube thoracostomy on the right side, to drain blood from the chest; 3100 cc's of blood were drained before bleeding stopped; he received six units of whole blood. One of Mullen's ribs was fractured. There was opacification noted on the right lung field due to hemothorax; there was also a contusion of the lung in that region. The bullet next to his spine was removed after Mullens was transferred to St. Joseph's Hospital. Appellant made no attempt to contradict any of this evidence. Viewing the evidence in the light most favorable to the verdict, we find it sufficient to establish that officer Mullens sustained serious bodily injury as alleged in the indictment. See *Hart v. State*, 581 S.W.2d 675 (Tex.Cr.App.1979); and *Wade v. State*, 572 S.W.2d 533 (Tex.Cr.App.1978). The ground of error is overruled.

■ Appellant next contends that the evidence was insufficient to establish that officer Mullens was a police officer of an incorporated city, so as to constitute him a peace officer.

V.T.C.A., Penal Code, § 1.07(a)(25), defines "peace officer" as "a person so designated by the Code of Criminal Procedure, 1965." Then in Article 2.12(3), V.A.C.C.P., "peace officers" are defined as including "marshals or police officers of an incorporated city, town, or village."

Upon taking the witness stand Mullens stated that he was employed as an officer for the Houston Police Department. Though it would have been better practice for him to state that Houston is an incorporated city, such an omission was not reversible error. Just as this court judicially knows that Dallas is a city in Dallas County, so it also judicially knows that Houston is a city in Harris County. *Bell v. State*, 166 Tex.Cr.R. 340, 313 S.W.2d 606, 610 (1958). The ground of error is overruled.

■ Appellant's last contention is that the trial court reversibly erred in allowing the prosecutor to argue the effect of the law of parole to the jury. The complained of argument occurred as follows:

"MR. ROSS [State]: Please keep in mind that the Board of Pardons and Paroles controls how long a person stays—

"MR. EPPS [Counsel for appellant]: Judge, we are going to object to that. It's improper, it's right in the charge.

"THE COURT: It's in the charge?

"MR. ROSS: The Board of Pardons and Paroles will tell this man how long he will stay in the Texas Department of Corrections. That's not for your consideration. So you're not to consider it or deliberate that issue. That's left solely up to the Board of Pardons and Paroles, and it will be based on his conduct, and their reviewing of that."

The trial court's response to appellant's objection neither sustained nor overruled the objection. It was incumbent upon counsel to pursue his objection until he received an adverse ruling. But the record shows no such further objection by counsel for appellant. Nothing is preserved for review. The ground of error is overruled.

The State's motion for rehearing is granted. The judgment is affirmed.