Linda Sue ISSAC, Appellant,

v.

The STATE of Texas, Appellee.

No. 01-96-00750-CR.

Court of Appeals of Texas, Houston (1st Dist.).

May 7, 1998.

Discretionary Review Granted Oct. 7, 1998.

Robert A. Scardino, Jr., Scot R. Courtney, Houston, for appellant.

John B. Holmes, Eric Kugler, Houston, for appellee.

Before MIRABAL, O'CONNOR and NUCHIA, JJ.

## OPINION ON MOTION FOR REHEARING

O'CONNOR, Justice.

Linda Sue Issac, the appellant, pled not guilty to three counts of driving while intoxicated, was found guilty by the jury, and was assessed punishment by the court of nine months in jail, probated for two years, and a $4,000 fine probated to $400. In one point of error, the appellant argues the trial court erred in not granting her motion for new trial. We withdraw our earlier opinion and substitute this in its stead. We affirm.

### Facts of the Arrest

On April 16, 1995, Officers Hall and Hicks saw the appellant driving her vehicle in a reckless manner and followed her until she drove off the road and into the driveway of her apartment complex. The officers left their car and walked to the appellant's vehicle. When the appellant opened her window, Hicks noticed a strong smell of alcohol and saw vomit on the dashboard, across the steering wheel, and all over the appellant's clothes. After the appellant admitted she had had a couple of drinks, Hicks asked her to get out of the car.

Hicks administered a field sobriety test, during which the appellant was orally combative and cursed at the officers. Because she was swaying and could not keep her balance, the officers believed she was intoxicated and took her to jail. The appellant did not take a breathalyzer test.

### The Argument on Appeal

In one point of error, the appellant argues the trial court erred in denying her motion for new trial because approximately 35 minutes of testimony was lost and, consequently, the entire direct examination of Hall is missing from the record. She contends that the trial court was required to grant her a new trial under the rule 50(e) of the Texas Rules of Appellate Procedure. The State argues that, even if there was error, we should apply a harmful error analysis to the missing testimony. The State claims Hall's testimony was duplicated by the later, recorded testimony of Hicks. We requested the parties submit briefs addressing the issue of which rule should apply, former Tex.R.App. P. 50(e) or new TEX.R.APP. P. 34.6(f), and what effect the application of the new rule would have on this appeal.[1]

### Comparison of the Old & New Rules

Under the old rule, rule 50(e), missing testimony was not subject to a harmful error analysis. *Perez v. State*, 824 S.W.2d 565, 568 (Tex.Crim.App.1992). Under that rule, if part of the record was missing and the appel-

---

1. The Texas Rules of Appellate Procedure were amended effective September 1, 1997.

lant was not at fault, the court would reverse. *Id.* Rule 50(e) provided:

> [I]f the appellant has made a timely request for a statement of facts, but the court reporter's notes and records have been lost or destroyed without appellant's fault, the appellant is entitled to a new trial unless the parties agree on a statement of facts.

Former Tex.R.App. P. 50(e) (repealed effective Sept. 1, 1997).

Under the new rule, rule 34.6(f)(3) (effective Sept. 1, 1997[2]), a court should grant a new trial only when the missing record is *necessary* to the appeal. The new rule provides:

> An appellant is entitled to a new trial under the following circumstances:
>
> (1) if the appellant has timely requested a reporter's record;
>
> (2) *if,* without the appellant's fault, a significant exhibit or *a significant portion of the court reporter's notes and records has been lost or destroyed* or – if the proceedings were electronically recorded – a significant portion of the recording has been lost or destroyed or is inaudible;
>
> (3) *if the lost, destroyed, or inaudible portion of the reporter's record,* or the lost or destroyed exhibit, *is necessary to the appeal's resolution* ; and
>
> (4) if the parties cannot agree on a complete reporter's record.

Tex.R.App. P. 34.6(f) (emphasis added). Rule 34.6(f)(3) requires the appellant to show the missing portion is necessary to the appeal before the trial court can grant a new trial based on a missing portion of the reporter's record.

## Order Adopting New Appellate Rules

■ The first issue in this case is whether the old or new rules apply. The Court of Criminal Appeals' order adopting the new Texas Rules of Appellate Procedure, states in part that:

> 2. These amended rules take effect September 1, 1997. Unless this order provides otherwise, they shall govern all proceedings in motions for new trial, appeals, petitions for discretionary review, and petitions or applications for extraordinary writs thereafter brought and in all such proceedings then pending, except to the extent that in the opinion of the court their application in a particular proceeding then pending would not be feasible or would work injustice, in which case the former procedure may be allowed.

Under this order, we should apply the new appellate rules unless, in our opinion, it would not be feasible or it would work an injustice.

## The Missing Record

At the hearing on the appellant's motion for new trial, the trial court heard testimony from David Fortson, the court reporter. Fortson testified his recording machine did not engage at the beginning of trial, and it did not record the first 30 to 35 minutes of the proceedings. Fortson testified the missing parts of the record included the appellant's arraignment, the opening statements of both parties, Officer Hall's direct examination, and part of her cross-examination. Fortson testified there were no other recordings made and there was no other way to provide a transcript of Hall's testimony. The gap in the record was not discovered until after trial, when the appellant requested the reporter's record be sent to this Court for appeal.

The State responded at the hearing by arguing the missing testimony was duplicated by the later testimony of the other arresting officer. The trial court denied the appellant's request for a new trial, stating that all the evidence was presented to and considered by the jury and that the record was sufficient for appellate review.

In the appellant's original brief, the only point of error she alleged was that we should remand for a new trial. After we requested additional briefs, the appellant filed a brief in which she argued the old rule should apply,

---

**2.** *See* Order Approving the Texas Rules of Appellate Procedure, Misc. Docket No. 97–9134 (Tex.    Aug. 15, 1997).

and, if we apply the new rule, we should not overrule the line of cases mandating a new trial when parts of the record are missing or destroyed.

We find that nothing prevents the application of rule 34.6(f), the new rule, and its application will not work an injustice.

### Application of Rule 34.6(f)

Under rule 34.6(f), before the appellant is entitled to a new trial, she must establish the elements outlined in rule 34.6(f). In this case, there is no question that the appellant timely requested a reporter's record, and that part of the record was not electronically recorded through no fault of the appellant. The issues that are unresolved are: (1) whether a "significant portion" of the court reporter's recording was lost; and (2) if the lost portion of the reporter's record is necessary to the resolution of the appeal. TEX. R.APP. P. 34.6(f).

### 1. Was a significant part of the record lost?

In her supplemental brief, the appellant argues that a significant portion of the record was lost. The State argues the missing evidence is not significant.

As stated earlier, the missing parts of the record include the direct examination and part of the cross-examination of Officer Hall, one of the arresting officers. Hall testified about following the appellant's vehicle, stopping her, and her appearance and behavior during the stop. During Hall's cross-examination and redirect, which are included in the record, Hall testified she remembered the appellant was off-balance and swayed and staggered. Hall said the appellant leaned on the police car to keep her balance.

Officer Hicks, the other arresting officer, testified after Hall. Hicks testified the appellant was driving erratically and took almost a quarter of a mile to pull over once they turned on their car's lights and siren. He said her car smelled strongly of alcohol and there was vomit on the appellant's dashboard, steering wheel, gear shift, and clothing. He said she admitted drinking a couple of drinks. Hicks asked the appellant to step out of her car and administered a field sobriety test, which she failed. He testified that at the station, after the appellant was arrested, she refused to blow into the Intoxilyzer, the machine used to read breath alcohol levels. He also said the appellant cried when she realized she was going to jail and was verbally combative during the field sobriety test.

The appellant argues the record is devoid of evidence on essential elements of the charged offense. As examples, the appellant offers the following;

(1) The appellant was never identified;

(2) The county in which the offense was alleged to have occurred was never established; and

(3) That the location of the alleged offense was committed in a "public place."

The State disagrees on each point and attempts to rebut her arguments with the following:

(1) Officer Hicks, one of the arresting officers, identified the appellant in the courtroom.

(2) Officers Hicks and Hall discussed the route the appellant took that night in detail. The State argues their testimony establishes that the route was in Harris County.

(3) Officers Hicks' and Hall's discussion of the streets established that the appellant drove in a "public place."

As to the three elements, the State is correct that other evidence in the record established the appellant's identity and that she drove in a public place. TEX. PENAL CODE §1.07(40) (1998) (a public place is "any place to which the public...has access and includes, but is not limited to, streets, highways...."); *Irvine v. State*, 857 S.W.2d 920, 925 (Tex.App.—Houston [1st Dist.] 1993, pet. ref'd) (officers testified appellent was on a city street, thus meeting public place requirement). A portion of a Houston map used at trial to show the appellant's route, was introduced into evidence as Exhibit A. Harris County is written on a section of the map. Even though it is unclear from the markings on the map if the route taken by the appellant was within Harris County, we can take

judicial notice that the street and place where she was stopped was within Harris County. TEX.R. EVID. 201; *Payne v. State*, 596 S.W.2d 911, 916 (Tex.Crim.App.1980) (court took judicial notice that Houston is in Harris County); *Sixta v. State*, 875 S.W.2d 17, 18 (Tex.App.—Houston [1st Dist.] 1994, pet. ref'd) (court may take judicial notice that Houston is in Harris County).

As for whether a "significant portion" of the record was lost, we hold approximately 30 minutes of the trial, including opening statements and the direct examination of one of only two witnesses was lost, was a significant part of the record.

This is not the end of our inquiry, however. To reverse, we must determine the lost portion is necessary to the appeal.

## 2. Was the lost part of the record necessary to appeal refusal to direct verdict?

■ The appellant alleges the lack of a complete record was harmful because her motion for judgment of acquittal or directed verdict was based upon conflicting testimony given by the two officers.

At the conclusion of the State's case, the appellant made two motions, first, a motion to suppress evidence arising out of her initial stop because the stop was made without probable cause, and second, a motion for directed verdict based on the motion to suppress. Defense counsel said,

> This Officer Hicks testified in a manner, we argue to the Court, he had no probable cause to stop Ms. Issac. Now, the first officer testified that she was weaving down Westheimer. I submit to the Court that the veteran police, the one with five years experience, contradicted the first police officer's testimony. And said that he just happened to be behind her because he was going back to where he should be on his shift. And that he had no reason to stop her and followed her down Westheimer and then down Dairy–Ashford and then when she turned and got off the road, he didn't say that she was weaving off the road. All he said was she pulled off into the dirt. And then that's when he decided to put his emergency equipment on. I submit to the Court, he did not have prob-

able cause to stop her. And I submit that all the evidence that was adduced after that, all the information, be suppressed because it was an illegal detention. And I ask the Court to take the case from the jury based on that and enter a verdict of "Not Guilty."

In her motions to suppress and for directed verdict, the appellant did not properly characterize Officer Hicks' testimony. Hicks testified,

> We were following her on Westheimer. And she was weaving back and forth in the lanes. And she made a north turn on Dairy–Ashford from Westheimer. And she was doing the same thing plus she was accelerating and slowing down. And I paced her doing fifty in a posted thirty-five.

The appellant argued to the trial court that Hicks said he did not have probable cause to stop her until she turned and pulled into the dirt. However, during cross-examination, the following exchange took place:

Q (by defense counsel): Explain to the jury why you didn't stop her when she was weaving, as you characterized it, down Dairy–Ashford for two miles you said you followed her?

A (by Hicks): Because, the longer you stay behind someone, the more evidence you carry for suspicion.

Q: Okay, so she wasn't so dangerous that you didn't feel like you could follow her for those two miles?

A: She was weaving and speeding. No one was on the road with her but us.

Q: You decided not to stop her. Didn't you?

A: I was going to stop her. I was just trying to collect more evidence.

\* \* \*

A: After she turned right and went off the road, I think I had enough. Enough for probable cause to pull her over for suspicion of DWI.

Q: Okay. So there was some question in your mind of whether you had enough probable cause to stop her. It was a close

enough question, driving down Dairy–Ashford for two miles, right?

A: No, sir, there was no question. It was a matter of gathering enough evidence for the courts, for the D.A. to accept charges.

\* \* \*

Q: So, If Ms. Issac had been a danger to somebody else out there, you would have stopped her?

A: Stopped her immediately.

\* \* \*

A: I had a legal reason to stop her. She was changing lanes and speeding. I had her continue driving so I could get more probable cause so I could pull her over for suspicion of DWI.

Hicks clearly testified that the officers had probable cause to pull the appellant over. The trial court did not err in overruling the appellant's motion for directed verdict and motion to suppress, because no other grounds were argued other than lack of probable cause.

We hold Officer Hall's direct examination and part of her cross-examination were not necessary to challenge the trial court's ruling on the order denying the motion for directed verdict.

### 3. Is the lost portion necessary to the appeal?

The appellant argues that without all of the evidence introduced at trial, she cannot challenge the legal and factual sufficiency of the evidence to support the jury's findings, cannot challenge any of the trial court's rulings, and, without the opening statements, she cannot challenge any errors made by the State in its opening statement.

As to the factual sufficiency challenges, the appellant argues she cannot identify potential challenges to the sufficiency of the evidence, or make or support such arguments without a complete record. The appellant correctly cites *Clewis v. State*, 922 S.W.2d 126, 129 (Tex.Crim.App.1996), for the review of evidence. Under *Clewis* we review *all* the evidence and may disagree with the trial court

or jury's findings. *Id.* Without all the evidence, she contends we cannot conduct a legitimate factual sufficiency review.

The appellant does not assert points of error claiming specific error was committed and the missing part of the record supports her allegations. The appellant does not contend Officer Hall provided testimony that was favorable to her. Even on this abbreviated record, we have sufficient evidence supporting the judgment that we would overrule any point of error challenging the legal or factual sufficiency of the evidence.

### Summary

We overrule the appellant's sole point of error.

We affirm the judgment of the trial court.