Joseph Angelo **CASTILLO**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 40085.

Court of Criminal Appeals of Texas.

Feb. 1, 1967.

Rehearing Denied March 15, 1967.

———◆———

Ben G. Levy, Houston, for appellant.

Carol S. Vance, Dist. Atty., Richard M. DeGuerin and W. Louis White, Asst. Dist. Attys., Houston, Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is the felony offense of possession of a pistol away from the premises upon which he lives by an ex-convict; the punishment, two years.

■ The grounds of error urged by appellant by brief filed in the trial court will be discussed. He first contends that the court erred in failing to define the word "Premises" in his charge. Traylor v. State, 91 Tex.Cr.R. 262, 239 S.W. 982, is authority for the proposition that such word need not be defined in the charge.

■ He next contends that the court erred in failing to grant a mistrial when the prosecutor questioned appellant about prior convictions which he contends were too remote. Though the questions were not propounded in the proper sequence, the court sustained the objections to the first questions, and it was later developed that there had been intervening convictions, which bring this case within the rule announced in Walker v. State, 166 Tex.Cr.R. 297, 312 S.W.2d 666, where we said, "The convictions, taken together, clearly evidence appellant's failure to reform and were therefore not subject to his objection of being too remote."

■ His last contention is that the statute (Article 489c, Vernon's Ann.P.C.) under which he was prosecuted is unconstitutional. We find no merit in this contention. See Long v. State, 170 Tex.Cr.R. 177, 339 S.W.2d 215.

Finding no reversible error, the judgment is affirmed.