Tom H. PEOPLES aka Tommy Peoples, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 52361, 52362.

Court of Criminal Appeals of Texas.

April 6, 1977.

Marvin Miller, San Antonio, for appellant.

---

Charles R. Borchers, Dist. Atty., Donato D. Ramos, Stephen A. Whitworth & Sharon S. Trigo, Asst. Dist. Attys., Laredo, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

These appeals are from judgments of conviction for forgery by passing. Punishment was assessed at ten years in each case. We find that the record contains fundamental error which we should review in the interest of justice. See Art. 40.09, Sec. 13, V.A. C.C.P.; *Windham v. State*, Tex.Cr.App., 530 S.W.2d 111; *Harris v. State*, Tex.Cr.App., 522 S.W.2d 199; *Perez v. State*, Tex.Cr. App., 537 S.W.2d 455.

The indictment in Cause No. 52,361 alleged that on or about April 19, 1975 in Webb County, appellant, acting with James Floyd Metzger, Jean Ann Cude, and Michael Lewis Sanchez, "did then and there knowingly and intentionally with intent to defraud and harm another pass as true to Tina Cardenas[1] a writing that had been made so that it purported to be the act of another who did not authorize the act, and which said writing is to the tenor following:"

> There follows a copy of a Republic Money Orders, Inc., Issuer, money order No. BJ–33107586 dated April 16, 1975, payable to the order of Ruben A. Salazar in the sum of "175 DLS–CTS," payable at Tyler Bank and Trust Company, Tyler, Texas, purporting to be signed by Frank Salazar, Sender, and signature ineligible as Treasurer, Republic Money Orders, Inc., and purporting to be endorsed by Ruben A. Salazar, 913 Sun Ave., San Antonio, Texas.

The indictment in No. 52,362 is substantially the same except that the instrument there described is alleged to have been passed to Chalio Garza.

The pertinent provisions of V.T.C.A. Penal Code, Sec. 32.21, Forgery, read:

"(a) For purposes of this section:

"(1) 'Forge' means:

"(A) to alter, make, complete, execute, or authenticate any writing so that it purports:

"(i) to be the act of another who did not authorize that act;

\*   \*   \*   \*   \*   \*

"(B) to issue, transfer, register the transfer of, pass, publish, or otherwise utter a writing that is forged within the meaning of Paragraph (A) of this subdivision; or

\*   \*   \*   \*   \*   \*

"(b) A person commits an offense if he forges a writing with intent to defraud or harm another.

"(c) Except as provided in Subsections (d) and (e) of this section an offense under this section is a Class A misdemeanor.

"(d) An offense under this section is a felony of the third degree if the writing is or purports to be a will, codicil, deed, deed of trust, mortgage, security instrument, security agreement, credit card, check or similar sight order for payment of money, contract, release, or other commercial instrument."

It is to be noticed that these indictments were drawn under and allege the offense set forth in Subsection (a)(1)(B) of Sec. 32.-21, supra; i.e., forgery *by passing* a written instrument made so that it appears to be the act of another who did not authorize that act.

The two cases were tried in a single trial before a jury. In its charge to the jury in each case, the court stated that appellant was charged with forgery by passing, and quoted the provisions of Sec. 32.21, supra, and of Sec. 7.02, Criminal Responsibility for conduct of another, and in attempting to apply the applicable law to the evidence charged as follows:

"Now bearing in mind the foregoing instructions, if you believe from the evidence beyond a reasonable doubt, that the defendant, Tom H. Peoples, Jr. also

---

1. Named as payee in the allegedly forged written bank money order.

known as Tommy Peoples, on or about the 19th day of April, 1975, in the County of Webb, and State of Texas, as alleged in the indictment, did then and there with intent to defraud and harm another, make a writing so that it purports to be the act of another who did not authorize that act, to-wit: the act of Ruben A. Salazar, which said writing is to the tenor following:

(See bank money order made a part of the indictments, supra)

"You will find the defendant guilty of the offense of Forgery by Passing and so say by your verdict, but if you do not so believe, or if you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict 'Not Guilty.'"

This charge omitted entirely the element of passing the written instrument, a necessary element to the offense charged in the indictments. Clearly, the court attempted to instruct the jury on forgery by making a forged instrument, as provided in Subsection 1(A)(i), supra, even though it did tell the jury that if it found beyond a reasonable doubt that appellant *made* a forged instrument under the circumstances mentioned in its charge, it should find him "guilty of the offense of Forgery by Passing." Additionally, the court instructed the jury to find the defendant not guilty and acquit if it failed to find beyond a reasonable doubt that he *made* the forged instrument. *Passing* does not require that the accused himself made the forged instrument or that it was made by one for whom he is criminally responsible.

A charge is fundamentally defective if it erroneously and only authorizes conviction upon a theory not charged in the indictment. *Ross v. State,* Tex.Cr.App., 487 S.W.2d 744. In *Ross,* in reversing the judgment, we stated:

"[1] The charge erroneously authorized the appellant's conviction under a theory not charged in the indictment. *Gooden v. State,* 140 Tex.Cr.R. 347, 145 S.W.2d 177 (1940); *Sullivan v. State,* 13 Tex.App. 462 (1883); *Weeks v. State,* 13 Tex.App. 466 (1883) and *Powell v. State,* 12 Tex.App.

238 (1882). Even though there was no objection to the charge at the time of trial, the error was fundamental and calculated to injure the rights of the appellant to the extent that he has not had a fair and impartial trial. See Article 36.-19, Vernon's Ann.C.C.P.; *Fennell v. State,* 424 S.W.2d 631 (Tex.Cr.App.1968) and *Garza v. State,* 162 Tex.Cr.R. 655, 288 S.W.2d 785 (1956)."

See also *Windham v. State,* Tex.Cr.App., 530 S.W.2d 111; *Perez v. State,* Tex.Cr. App., 537 S.W.2d 455; *Mendoza v. State,* Tex.Cr.App., 491 S.W.2d 888. Cf. *Smith v. State,* Tex.Cr.App., 513 S.W.2d 823.

The court failed to apply the law of the offense charged in the indictments to the evidence. Instead, it applied the law of an offense for which appellant was not indicted, thus authorizing conviction on a theory not charged in the indictments. Fundamental error is thus presented, for which the judgments must be reversed and the causes remanded.

Opinion approved by the Court.