**Jimmy LUERA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 60872.**

Court of Criminal Appeals of Texas,
Panel No. 3.

Oct. 21, 1981.

Rehearing Denied Oct. 26, 1983.

Patrick A. Abeyta, Lubbock, for appellant.

Frank Ginzel, Dist. Atty., Colorado City, Russell Carroll, Asst. Dist. Atty., Sweetwater, Robert Huttash, State's Atty. and Alfred Walker, First Asst. State's Atty., Austin, for the State.

Before ODOM, W.C. DAVIS and McCORMICK, JJ.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for aggravated assault. Punishment was assessed at five years.

In his first ground of error appellant contends the indictment is fundamentally defective. The indictment contained two counts, the first alleging attempted murder and the second alleging aggravated assault. Appellant contends the second count is defective. Although he was convicted of aggravated assault, the charge submitted this offense to the jury *not* as the principal offense in the case, but as a lesser included offense to the attempted murder. Thus, this case was submitted to the jury under the first count of the indictment, not the second count. Any defect in the second count would therefore be harmless since jurisdiction of the court rested on the first count. See *Jordan v. State,* 552 S.W.2d 478. The ground of error is overruled.

In another ground of error appellant asserts the jury charge on aggravated assault is fundamentally defective for authorizing conviction on a theory not alleged in the second count of the indictment. Again, the charge submitted the aggravated assault as a lesser included offense of the attempted murder alleged in the first count, and not under the allegations of the second count. Since the case was not submitted on the second count, it was not necessary to restrict the charge to that portion of the indictment. It was only necessary that the charge submit aggravated assault as a lesser included offense under the greater offense. Cf. *Mitchell v. State,* 543 S.W.2d 637. The ground of error is overruled.

We do, however, find the jury charge on aggravated assault, under which appellant was convicted, is fundamentally defective for authorizing a conviction on a

theory not included in the attempted murder count of the indictment. That count alleged that appellant:

"with the specific intent to commit the offense of murder did then and there attempt to cause the death of Charles Robinson by shooting him with a gun, said attempt being by shooting at the said Charles Robinson with a gun and narrowly missing the said Charles Robinson which said act tended but failed to effect the commission of the offense intended;"

The aggravated assault paragraph of the jury charge, however, authorized a conviction under V.T.C.A. Penal Code, Sec. 22.02 in conjunction with Sec. 22.01(a)(1), upon a finding that appellant *caused* bodily injury:

"Therefore, if you find and believe from the evidence beyond a reasonable doubt that on the occasion in question the defendant, Jimmy Luera, did intentionally, knowingly or recklessly cause bodily injury to Charles Robinson by shooting at or in the direction of said Charles Robinson with a deadly weapon, to-wit, a gun, or if you find and believe from the evidence beyond a reasonable doubt that the defendant, Jimmy Luera, did, on the occasion in question, intentionally or knowingly threaten Charles Robinson with imminent bodily injury by shooting at or in the direction of said Charles Robinson with a deadly weapon, to-wit, a gun, but you further find and believe from the evidence, or have a reasonable doubt thereof, that the defendant did not intend to kill the said Charles Robinson, then you will find the defendant guilty of aggravated assault; if you have a reasonable doubt as to whether defendant is guilty of aggravated assault under the instructions given you, you will acquit the defendant of aggravated assault and consider whether or not defendant is guilty of the offense of reckless conduct."

1. Although not part of this case, we observe that this theory of aggravated assault also is not part of the second count of the indictment alleging aggravated assault, if that count does allege aggravated assault.

The first of the two theories submitted in this paragraph of the charge is not included within the acts constituting attempted murder as alleged in the indictment.[1] The indictment made no allegation that appellant caused bodily injury, nor did it make any allegation that would include that result. Cf. *Mitchell v. State,* supra.

Because the charge authorized a conviction on facts not included within the allegations of the indictment, it is fundamentally defective and the conviction must be reversed. See *Young v. State,* 605 S.W.2d 550; *Garcia v. State,* 574 S.W.2d 133.

The judgment is reversed and the cause remanded.

McCORMICK, Judge, dissenting.

The majority's holding today demonstrates once again the absurdity of the fundamental error doctrine and the course it has taken. From the early holdings of this Court that a charge authorizing conviction only for an offense not alleged in the indictment is fundamental error[1] has emerged the rule that a charge may only authorize a conviction for the offense alleged in the indictment and no other. Somehow the word "only" has been shifted around.

In the case at bar, the charge on the lesser offense included not only a proper charge on aggravated assault by use of a deadly weapon to threaten the victim, but also included a charge on aggravated assault by causing bodily injury. There was no evidence in the record to support causing bodily injury. Yet, there was no objection to the charge. There is no contention on appeal that appellant was prejudiced or harmed by the charge given. In fact, it would be absurd to assume that, under the facts of this case, the jury even considered that portion of the charge relating to aggravated assault by causing bodily injury.

1. See, e.g., *Peoples v. State,* 548 S.W.2d 893 (Tex.Cr.App.1977), holding: "A charge is fundamentally defective if it erroneously and only authorizes conviction upon a theory not charged in the indictment."

Finally, it cannot be said that the charge, as given, was calculated to injure the rights of appellant. In fact, that portion of the charge which the majority holds to be fundamental error was clearly harmless to appellant in that it placed a greater burden on the prosecution than required. See *Jones v. State,* 141 S.W. 953 (Tex.Cr.App.1911).

I dissent.

Before the court en banc.

## OPINION ON STATE'S MOTION FOR REHEARING

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for aggravated assault. V.T.C.A. Penal Code, Sec. 22.02. After finding the appellant guilty, the jury assessed punishment at five years.

On original submission, the appellant contended that the court's charge under which he was convicted was fundamentally defective in that it authorized a conviction not charged. The panel opinion held the charge to be defective "because the charge authorized a conviction on facts not included within the allegations of the indictment."

On rehearing, the State urges that the charge does not constitute error. The State contends that although the charge includes a theory of aggravated assault not found within the indictment, the theory nonetheless "falls under the canopy of the indictment" as a lesser included offense of the offense charged.

The pertinent portions of the indictment under which the appellant was tried alleged:

"with the specific intent to commit the offense of murder did then and there attempt to cause the death of Charles Robinson by shooting him with a gun, *said attempt being by shooting at the said Charles Robinson with a gun and narrowly missing the said Charles Robinson* which said act tended but failed to effect the commission of the offense intended;" (Emphasis Added).

Whereas, the charging portion of the aggravated assault paragraph instructed the jury:

"Therefore, if you find and believe from the evidence beyond a reasonable doubt that on the occasion in question the defendant, Jimmy Luera, *did intentionally, knowingly or recklessly cause bodily injury to Charles Robinson by shooting at or in the direction of said Charles Robinson with a deadly weapon, to-wit, a gun,* or if you find and believe from the evidence beyond a reasonable doubt that the defendant, Jimmy Luera, did, on the occasion in question, intentionally or knowingly threaten Charles Robinson with imminent bodily injury by shooting at or in the direction of said Charles Robinson with a deadly weapon, to-wit, a gun, but you further find and believe from the evidence, or have a reasonable doubt thereof, that the defendant did not intend to kill the said Charles Robinson, then you will find the defendant guilty of aggravated assault; if you have a reasonable doubt as to whether defendant is guilty of aggravated assault under the instructions given you, you will acquit the defendant of aggravated assault and consider whether or not defendant is guilty of the offense of reckless conduct." (Emphasis Added).

Testimony from the record established the fact that the complainant, Robinson, while driving alongside appellant's truck, was fired upon by the appellant. Shotgun pellets pierced the cab of the truck, and ricochet either from the pellets or flying debris inflicted red marks on Robinson's left leg. No other injury resulted from the shooting.

The State, in its motion for rehearing, argues that under Art. 37.09(2), V.A.C.C.P., the offense of aggravated assault by the infliction of bodily injury is a lesser included offense of that charged in appellant's indictment. Under paragraph (2) of Art. 37.09, supra, an offense is a lesser included offense if:

"It differs from the offense charged only in the respect that a less serious injury or

risk of injury to the same person, property or public interest suffices to establish its commission."

The State's argument appears to be that a conviction for aggravated assault is authorized under the indictment in that a less serious injury than that alleged in the indictment was shown. The indictment, however, alleged that appellant shot at, but "narrowly miss[ed]" the complainant. Thus, since Art. 37.09(2), supra, requires a "less serious injury" and no injury at all was alleged in the indictment, the charge was not authorized.

State's motion for rehearing is denied.

McCORMICK, Judge, dissenting.

On original submission, the majority of the panel reversed appellant's conviction because the charge on the lesser included offense of aggravated assault authorized a conviction on facts not included within the allegations of the attempted murder indictment. On rehearing, the majority again finds fundamental error because the offense of aggravated assault by the infliction of bodily injury is not a lesser included offense of attempted murder as charged in the indictment. I disagree with this result for a variety of reasons.

Initially, I note that the indictment charged that appellant attempted to kill the victim by shooting him with a gun and narrowly missing the victim. The charge allowed conviction if the jury found appellant *actually caused* bodily injury or *threatened to inflict* imminent bodily injury. The majority is misreading Article 37.09(2), V.A.C.C.P., in its determination of what constitutes a lesser included offense. It is clear that when Article 37.09(2), supra, is applied to the instant case that aggravated assault by causing bodily injury is a lesser included offense of attempted murder because a less serious injury or risk of injury is involved—i.e., death versus red marks on the individual's leg.

Secondly, even if there was error, it is clear that the charge *increased* the State's burden of proof and thus appellant was not harmed. If an individual inflicts bodily injury on another person, surely the infliction of that injury is also a threat of further possible injury. If the jury did in fact find appellant guilty of aggravated assault by causing bodily injury, the appellant was in no way harmed. The State merely had an increased burden of proof—of showing *actual* bodily injury. If the jury found appellant guilty of threatening the victim with imminent bodily injury, there certainly was no error.

Furthermore, the evidence shows that, although most of the pellets from the shotgun blast narrowly missed the victim, some actually struck him causing the red marks on his leg.

Trooper Marvin Keenan of the Department of Public Safety testified that he found the wadding and pellets from a shotgun shell on the floorboard of the victim's truck. Keenan testified that he found evidence that the shot had richocheted inside the truck.

The victim testified that he was driving his dump truck when the appellant pulled up beside him and pointed a shotgun at him. The victim immediately slammed on his brakes. Simultaneously he heard a shotgun blast. After the smoke had cleared, the victim started his truck and drove on, in an attempt to evade the appellant. He drove to the local game warden's house and reported the incident. As far as injuries sustained as a result of the blast, the record shows the following:

"Q. (Prosecutor) All right. Well, what about any of the shot, or ricochets? Can you tell whether any of them might have scraped your feet, or boots, or do you know?

"A. (The victim) Yes, sir. I had red spots on my left leg.

"Q. Actually, the main charge of the load missed you; is that it?

"A. Yes, sir. Well, it had done its damage as it come through the car. And it blew dirt and everything all over everything.

"Q. You got some red marks. You can't really tell where from, though?

"A. No, sir, not really. As small as it was, it looked like BB marks, to me."

Finally, and perhaps most important of all, the appellant, while testifying in his own behalf, admitted committing the aggravated assault:

"Q. (Defense Counsel) Tell the jury what you were doing with the gun, and how you were doing it.

"A. (Appellant) Well, I was driving the truck, and I had the gun stuck out on the passenger side, and with my hand like that—pointed down. And when I passed that man, you know, I didn't pass him. I was going to shoot the hood, you know, to try to scare him, you know. . . .

"Q. Jimmy, you have testified that you were shooting at the man's vehicle. What part of the vehicle were you shooting at?

"A. I was shooting in front of him. I was going to shoot the hood, or something, you know. Scare him.

"Q. Were you aiming at Mr. Robinson?

" * * *

"A. No. . . ."

On cross-examination, appellant testified as follows:

"Q. (Prosecutor) If you will, I want you to demonstrate how you aimed that gun. . . .

" * * *

"A. Okay. Well, I was driving like this—in the truck. And I had it—

"Q. You braced the thing on the side of the truck, didn't you?

" * * *

"A. Yes. And I leaned it down like that, (indicating)

"Q. And pulled the trigger. You pulled it?

"A. Like that.

"Q. And then what did you do? Then you saw a big cloud of dust, and everything in there, didn't you?

"A. Yes, sir. . . ."

After reading both the majority panel and majority en banc opinions along with appellant's testimony, I think it is obvious that the doctrine of fundamental error has been misconstrued and misapplied so that the results now emanating from this Court are patently absurd.

The doctrine of fundamental error is not to be applied in a vacuum. Rather, each case is to be decided on its own merits, individually. This is pointed out by the language of Article 36.19, V.A.C.C.P.:

"Whenever it appears by the record in any criminal action upon appeal that any requirement of Articles 36.14, 36.15, 36.16, 36.17 and 36.18 has been disregarded, the judgment shall not be reversed unless the error appearing from the record was calculated to injure the rights of defendant, or unless it appears from the record that the defendant has not had a fair and impartial trial. All objections to the charge and to the refusal of special charges shall be made at the time of the trial."

The Legislature clearly expressed their intent that this Court should carefully examine each case when unpreserved jury charge error is alleged on appeal. Only when, and I emphasize "only", the error is "calculated to injure the rights of the defendant" or when it is clear that the defendant did not receive a fair and impartial trial is this Court empowered to reverse a conviction because of unpreserved error in the jury charge. As Article 36.19, supra, is written, reversal of a conviction should not be the norm, but rather should be the exception. Unfortunately, the majority of the Court chooses to ignore this and again reverse an otherwise valid conviction without explaining how the appellant was harmed.

I do not believe the charge contained error. And even if there was error, I fail to see how appellant was harmed by the charge given to the jury.

For these reasons, I must register my dissent.

W.C. DAVIS and CAMPBELL, JJ., join in this dissent.