**Michael Lynn JOHNSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 61697.**

Court of Criminal Appeals of Texas, Panel No. 1.

Feb. 10, 1982.

Robert R. Foster, Ebb B. Mobley, Longview, for appellant.

Odis R. Hill, Dist. Atty. and Alvin G. Khoury, Asst. Dist. Atty., Longview, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, TOM G. DAVIS and CLINTON, JJ.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for one count of aggravated robbery and three counts of robbery. Punishment was assessed at twenty five years on the aggrava-

ted robbery offense and twenty years each on the robbery counts.

The offenses were joined in one indictment under Art. 21.24, V.A.C.C.P.,[1] and although appellant had a right to severance under V.T.C.A., Penal Code Sec. 3.04, he chose to proceed under one multiple count indictment.

An examination of the allegations in the indictment and that portion of the court's charge to the jury that applies the law to the facts reveals fundamental error in the charge and the conviction must be reversed. *Morris v. State* (Tex.Cr.App.), 609 S.W.2d 782; *Lee v. State* (Tex.Cr.App.), 577 S.W.2d 736.

In each count of the indictment it is alleged that appellant did "place" the various complainants in fear of imminent bodily injury. The charge, however, varies in two respects by authorizing conviction for *threatening* or placing in fear of imminent bodily injury *or death.*

In *Cumbie v. State* (Tex.Cr.App.), 578 S.W.2d 732, this Court rejected the argument that the addition of the words "or death" constitutes a fundamentally defective enlargement on the indictment. We held that "death necessarily involves impairment of physical condition ..., so 'death' necessarily includes 'bodily injury.'" Therefore, proof of threatening and placing in fear of death is not different from proof of threatening or placing in fear of bodily injury. In the instant case it is not the addition of the word "death" that causes the defect in the charge.

The charge erroneously enlarged upon the allegations in the indictment by inclusion of the word "threatened." In *Lee v. State,* supra, and *Morris v. State,* supra, an

---

1. Art. 21.24 provides that "two or more offenses may be joined in a single indictment, information, or complaint, with each offense stated in a separate count, if the offenses arise out of the same criminal episode as defined in Chapter 3 of the Penal Code." "Criminal episode" is defined in V.T.C.A., Penal Code Sec. 3.01 as the repeated commission of any one offense defined in Title 7 (Offenses Against Property).

In one of several grounds of error, appellant challenges the propriety of joining the offenses of aggravated robbery and robbery as not meeting the definition of criminal episode, citing *Jordan v. State* (Tex.Cr.App.), 522 S.W.2d 478. We hold, however, that our disposition of the case on a finding of a fundamentally defective jury charge renders a discussion of this issue unnecessary.

identical error was urged and each cause was reversed because the variance authorized the jury to convict upon finding facts that had not been alleged in the indictment. We find the court's charge to be fundamentally defective.

The judgment is reversed and the cause is remanded.