**Steve ROBLES aka Steve Tepp, Appellant,**

v.

**STATE of Texas, Appellee.**

No. 13–81–079–CR. (2067cr).

Court of Appeals of Texas, Corpus Christi.

Feb. 11, 1982.

Patrick A. Cullen, Victoria, for appellant.

Knute L. Dietze, Crim. Dist. Atty., Victoria, for appellee.

Before NYE, C. J., and UTTER and KENNEDY, JJ.

OPINION

KENNEDY, Justice.

Appellant was convicted by a jury of burglary of a vehicle, and his punishment was assessed at confinement for five years in the Texas Department of Corrections and a fine of one thousand dollars ($1,000.00).

At the outset, we perceive fundamental error. The statute involved is Tex.Penal Code Ann. Sec. 30.04 which defines burglary of vehicles in the following language:

"(a) A person commits an offense if, without the effective consent of the owner, he breaks into *or* enters a vehicle or any part of a vehicle with intent to commit any felony or theft." (Emphasis supplied).

The indictment charged the offense in the following language:

"... did then and there with intent to commit theft, enter a vehicle without the effective consent of (the owner) ..."

The court's charge to the jury authorized a conviction if the jury found that the appellant "... did break into *or* enter a vehicle ..." (Emphasis supplied).

A charge which submits a theory of the offense not pleaded in the complaint is fundamental error. *Colbert v. State*, 615 S.W.2d 754 (Tex.Cr.App.1980); *Young v. State*, 605 S.W.2d 550 (Tex.Cr.App.1978); *Garcia v. State*, 574 S.W.2d 133 (Tex.Cr.App.1978). Even though the fundamental error is unassigned as here, reversal is mandated. *Colbert v. State*, supra. See also *Brown v. State*, 595 S.W.2d 550 (Tex.Cr.App.1980).

Accordingly, the judgment of the trial court is reversed, and the cause is remanded for a new trial.