**Joseph Randall LANDRY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 68725.**

Court of Criminal Appeals of Texas, En Banc.

June 29, 1983.

Robert A. Heath, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Ray Elvin Speece and Charles M. Hinton, Asst.

Dist. Attys., Houston, Robert Huttash, State's Atty. and Alfred Walker, Asst. States Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from a conviction for the offense of burglary of a vehicle; the punishment, which is enhanced by a prior felony conviction, is imprisonment for 12 years.

The appellant asserts that the indictment and the court's charge are fundamentally defective and that the evidence is insufficient to support the verdict.

■ The appellant's argument that the indictment and the court's charge are fundamentally defective are based on the allegation in the indictment that the appellant did "break and enter" the vehicle and the court's charge which authorized the jury to convict the appellant, if it found he did "break into or enter" the vehicle. The appellant first says the omission of the word "into" following the word "break" renders the indictment defective. He argues that alleging "break .... a vehicle" is not an offense. Then he argues that the court, by using the statutory words "break into" in the charge, authorized a conviction on a theory not charged in the indictment. His related argument is that the court erred in defining the term "break into" rather than defining the word "break," which was the word alleged in the indictment. These three contentions are first made on appeal; there was no motion to quash the indictment and there were no objections to the charge.

The premise for the appellant's argument is that "breaking into" and "entry" are two distinct ways or methods of committing the offense of burglary of a vehicle. For support the appellant relies on *Washington v. State*, 603 S.W.2d 859 (Tex.Cr.App.1980). There the contention was that "breaking into" and "entry" were two ways or means of committing the offense and that the

indictment must allege one of the two methods. The court disagreed with that contention.

V.T.C.A. Penal Code, Section 30.04 uses the term "break into" and "enter" and only defines "enter," but the definition of "enter" is broad enough to include "break into." An allegation that a defendant did "break into" a vehicle is no broader and is actually included within the alleged term "entry" as it is defined in V.T.C.A. Penal Code, Section 30.04. V.T.C.A. Penal Code, Section 30.04 provides:

"(a) A person commits an offense if, without the effective consent of the owner, he breaks into or enters a vehicle or any part of a vehicle with intent to commit any felony or theft.

(b) For purposes of this section, "enter" means to intrude:

(1) any part of the body; or

(2) any physical object connected with the body.

(c) An offense under this section is a felony of the third degree."

"Intrude" is defined by Webster's New International Dictionary, 2d ed., unabridged, "To thrust or force (something) in or upon ... To enter by force; to invade."

Since the definition of the term "entry" in V.T.C.A. Penal Code, Section 30.04 is broad enough to include "breaking into," "enter" and "breaking into" are not two separate ways or methods in which the offense of burglary of a vehicle may be committed; when entry is alleged it includes breaking into. Therefore, the indictment is not fundamentally defective, and the court did not err in defining the term "break into," although it would be unnecessary to submit a definition of the words "break into" since those words are not statutorily defined and they have a common meaning. *Adami v. State*, 524 S.W.2d 693 (Tex.Cr. App.1975); *Hogan v. State*, 496 S.W.2d 594 (Tex.Cr.App.1973); *Castillo v. State*, 411 S.W.2d 741 (Tex.Cr.App.1967).

■ The appellant complains that the evidence is insufficient to support the judgment and that the court erred in its charge

allowing the jury to convict him on the act of another in breaking into a vehicle when appellant was not charged with the criminal responsibility for another's act. The appellant weaves together his argument under these two grounds of error. A brief summary of the facts is necessary to this discussion.

Two Houston Police Officers found a Cadillac automobile, which had been reported stolen, on a parking lot. They inspected the automobile and found it was locked and appeared to be undamaged. The officers drove to a pay telephone to call the owner of the automobile. After their telephone conversation with the owner, they went back to the parking lot. When they approached the automobile the front door on the passenger side was open and there was a man sitting or leaning into the car. The man, who is the appellant, had in his hand some "warranty papers dealing with the ownership of the Cadillac." The other man was returning from a van parked nearby. Both men were arrested. The officers found that the other man was a locksmith who had received an emergency call from a man who said he was Paul Hern. The locksmith went to the address given and the appellant, who came to the door represented himself to be Paul Hern, took the locksmith to the automobile. The locksmith had just opened it with a "quick stick" and was making keys to fit the automobile lock when the officers came back. The owner of the automobile testified he did not give his consent for entry into his automobile. The evidence is amply sufficient to support the verdict. See *Simmons v. State*, 590 S.W.2d 137 (Tex.Cr.App.1979).

The evidence would support a conviction on the theory that appellant was a party to the offense in that he was acting with the required culpability when he caused an innocent person to engage in conduct prohibited by the definition of the offense denounced in V.T.C.A. Penal Code, Section 30.04. V.T.C.A. Penal Code, Section 7.02(a)(1). The evidence would also support his conviction for his own conduct as he actually entered the automobile without the consent of the owner. The court did not charge the jury on the theory of parties.

The judgment is affirmed.

CLINTON, J., concurs for reasons given in his concurring opinion in *Robles v. State*, 653 S.W.2d 15 (Tex.Cr.App.1983), decided this day.

ONION, P.J., and MILLER, J., join.

TEAGUE, J., dissents for reasons given in his dissenting opinion in *Robles v. State*, 653 S.W.2d 15 (Tex.Cr.App.1983), decided this day.