Steve **ROBLES** aka Steve Tepp, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 245–82.

Court of Criminal Appeals of Texas, En Banc.

June 29, 1983.

Patrick A. Cullen, Victoria, for appellant.

Knute L. Dietze, Dist. Atty. and Stephen Cihal, Asst. Dist. Atty., Victoria, Robert

Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

McCORMICK, Judge.

Appellant was convicted of burglary of a vehicle. Punishment was assessed at five years' confinement and a $1000 fine. The Corpus Christi Court of Appeals reversed and remanded the cause after finding that the jury charge contained unassigned fundamental error. See *Robles v. State,* 628 S.W.2d 267 (Tex.App.—Corpus Christi, 1982).

Appellant was charged under V.T.C.A., Penal Code, Section 30.04, with burglary of a vehicle. Section 30.04(a) and (b), reads as follows:

"(a) A person commits an offense if, without the effective consent of the owner, he breaks into or enters a vehicle or any part of a vehicle with intent to commit any felony or theft.

"(b) For purposes of this section, 'enter' means to intrude:

(1) any part of the body; or

(2) any physical object connected with the body."

The indictment charged that appellant ". . . did then and there with intent to commit theft, *enter* a vehicle without the effective consent of (the owner) . . . ." (Emphasis added)

The court's charge to the jury authorized a conviction if the jury found that appellant ". . . did *break into or* enter a vehicle . . . ." The Court of Appeals found that the charge submitted a theory of the offense not pled and thus contained fundamental error.

In their Practice Commentary under Section 30.04, Searcy and Patterson write: ". . . 'Breaking' into a vehicle is simply another variety of burglarious entry. As the commentary on Section 30.02 suggests, 'breaking' or forcible entry was required under the old code in the instances in which a trespassory entry without force was insufficient to constitute burglary. . . . This code, however, makes trespassory entries at any time sufficient, and 'breaking' or any use of force is immaterial."

It is clear that, although the terms "enter" and "break" are not synonymous, under the facts of the instant case the term "break *into*" includes the term "enter." The State proved that entry into the vehicle was accomplished after the glass part of a window vent had been pried and broken out. The appellant then reached inside, opened the door and entered the vehicle. Under these facts, it was impossible for the appellant to "break *into*" the vehicle without "entering" the vehicle as defined in Section 30.04(b), supra. Thus, under the charge given, if the jury found that appellant "did break *into*" the complainant's vehicle, the jury necessarily found that appellant "entered" the vehicle.

This Court has faced similar situations in the past. In *Cumbie v. State,* 578 S.W.2d 732 (Tex.Cr.App.1979), the indictments alleged that the appellant threatened and placed the complainants in fear of imminent bodily injury. The court's charge authorized conviction if the jury found that appellant threatened and placed the complainants in fear of imminent bodily injury *or death.* This Court found that such a charge did not enlarge on the indictment because proof of threatening and placing in fear of death is not different from (or less than) proof of threatening and placing in fear of bodily injury. See also, *Jones v. State,* 620 S.W.2d 129 (Tex.Cr.App.1981); *Payne v. State,* 596 S.W.2d 911 (Tex.Cr. App.1980).

In the instant case, the court's charge did not enlarge on the indictment because proof of "breaking *into*" was not different from (or less than) proof of "entering." The judgment of the Court of Appeals is reversed and the case is remanded to the Court of Appeals for consideration of the ground of error raised in appellant's brief.

CLINTON, Judge, concurring.

The evidence presented to the jury in this cause showed that with intent to commit

theft appellant did break, did break into and did enter a motor vehicle without the effective consent of the owner.[1] Yet, as in *Martinez v. State,* 641 S.W.2d 526 (Tex.Cr. App.1982) the Court is divided by "semantical theorizations" advanced by one Brother or another, and like my attitude in *Martinez* I am not persuaded by either.[2]

In the instant case the indictment alleged that appellant did "enter," which means he intruded any part of his body or any physical object connected with his body. V.T. C.A. Penal Code, § 30.04(b). In its charge—no doubt because raised by evidence—the trial court defined "break" to include several means of force "for the purpose of making entry into a vehicle."[3] Similarly the court authorized the jury to convict appellant if it found that he did "break into" or "entered" the vehicle. Inclusion of "break into" is what the court of appeals and now some Judges of this Court say rendered the charge fatally defective.

Given the circumstances in this cause it seems to me that woodenly applying the doctrine of fundamental error in this cause is a mistake. While it is true that the trial court authorized the jury to convict on a theory which, strictly speaking, had not been stated in haec verba in the indictment, that does not necessarily mean that "the 'legislative mandate' of Art. 36.14 [V.A.C. C.P.] has been violated," *Hill v. State,* 640 S.W.2d 879, 883 (Tex.Cr.App.1982).

"[T]he principle that a charge authorizing a jury to convict on a set of circumstances must conform to allegations in the indictment flows from constitutional due process demands that an accused be given notice of that which he is called on to defend. *Sattiewhite v. State,* 600 S.W.2d 277, 284–285 (Tex.Cr.App.1980); *Robinson v. State,* 596 S.W.2d 130, 132–133 (Tex.Cr.App.1980)."

*Martinez v. State,* supra, at 528 (Clinton, J., dissenting).

Alleging that he did enter a vehicle the indictment in this cause put appellant on notice that the State intended to prove he *intruded* into the vehicle a part of his body or any physical object connected with his body. One way to intrude is by force. Webster's New Collegiate Dictionary. Once the State proved that entry into the Dodge Winnebago was gained by first prying and breaking the glass part of a window vent—intrusion by force—a "breaking into" was shown to be part and parcel of appellant's entering the Winnebago. The due process requirement of adequate notice to appellant was not abridged.

Moreover, though the charge authorized the jury to convict if it found appellant either "broke into" or "entered" the Winnebago, where the theory of the burglary alleged and presented by the State is that appellant intruded some physical object connected with his hand(s) forceably to pry and break out glass in a window vent and then further intruded his hand through the opening thus made, unlatched a door and entered the vehicle, the "evil of the charge that enlarges on the indictment" is practically nil. *Cumbie v. State,* 578 S.W.2d 732, 735 (Tex.Cr.App.1979).

In my view fundamental error was not committed here. Accordingly, I concur in the judgment of the Court.

ONION, P.J., and MILLER, J., join.

1. The owner testified that the glass part of a window vent had been pried and broken out, and someone reached inside, opened the door and then entered his Dodge Winnebago.

2. As abstract propositions it seems to me that "breaks into" and "enters" are not always distinct acts as the dissent would have it, nor that "the term 'break into' necessarily includes the term 'enter,'" as the plurality opinion finds. The Legislature obviously continued to believe there are some instances where one just "breaks into" a vehicle with intent to commit a felony or theft, but for some reason he does not then intrude any part of his body or any physical object connected with his body. See former Article 1404b, P.C. 1925 and *Chavez v. State,* 479 S.W.2d 687 (Tex.Cr.App.1972): "[T]he offense proscribed by Article 1404b, Vernon's Ann. P.C. is complete when the 'vehicle' is broken into 'with the intent of committing a felony or the crime of theft,'" *id.,* at 688.

3. In framing its definition the trial court apparently consulted former Article 1404b, P.C. 1925, as amended: "The breaking of any glass vent, glass window or windshield, or any other part of a vehicle, or the breaking or opening of any latch or locking device..."

TEAGUE, Judge, dissenting.

Appellant was convicted for committing the offense of burglary of a vehicle. A jury determined his guilt, and assessed his punishment at five years' confinement in the penitentiary and a fine of $1,000. The Court of Appeals for the Thirteenth Supreme Judicial District, in a unanimous opinion authored by Justice Kennedy, ordered the judgment of the trial court reversed, and remanded the cause to the trial court, see *Robles v. State*, 628 S.W.2d 267 (Tex.App.1982), because it concluded that the trial court's charge to the jury was fundamentally erroneous.

The indictment in this cause alleges in pertinent part that appellant "... did then and there with intent to commit theft, *enter a vehicle* without the effective consent of (the owner)..." [Emphasis Added]. The trial court's charge to the jury instructed the jury it could find the appellant guilty if it found that the appellant "... *did break into or enter a vehicle* ..." [Emphasis Added.] The Court of Appeals found that this enlargement of the indictment, by the trial court's unnecessarily putting in the charge the term "break into", authorized conviction on a theory not set forth in the indictment. It then concluded that this rendered the charge fundamentally erroneous. The authorities it used in so holding were this Court's decisions of *Colbert v. State*, 615 S.W.2d 754 (Tex.Cr.App.1980); *Young v. State*, 605 S.W.2d 550 (Tex.Cr.App.1978); and *Garcia v. State*, 574 S.W.2d 133 (Tex.Cr.App.1978). We granted the State's petition for discretionary review to make the determination whether the Court of Appeals was correct in its holding.

Appellant did not complain in the trial court of the court's charge to the jury, as required by Art. 36.14, V.A.C.C.P. Therefore, his failure to properly object to the charge waived all but fundamental error. See, for example, *Cumbie v. State*, 578 S.W.2d 732 (Tex.Cr.App.1979). Cf. Article 36.19, V.A.C.C.P.

V.T.C.A., Penal Code, Sec. 30.04, provides, in part, that a person commits the offense of burglary of a vehicle when he *either* "breaks into" *or* "enters" a vehicle without the effective consent of the owner with the intent to commit any felony or theft. As previously noted, the State alleged in the indictment that the appellant committed the offense of burglary of a vehicle by "entering" the vehicle. Because the charge enlarged upon this allegation of the indictment, by authorizing the jury to find the appellant guilty if it found that he "did break into" the vehicle, which was not alleged, this unquestionably was error. After careful review, I have concluded that because the trial court authorized conviction on a theory not alleged in the indictment, this error caused the charge to the jury to become fundamentally erroneous. Art. 36.-19, supra. Compare *Cumbie v. State*, supra; *Johnson v. State*, 627 S.W.2d 426 (Tex.Cr.App.1982); *Peoples v. State*, 548 S.W.2d 893 (Tex.Cr.App.1977); *Powell v. State*, 12 Tex.App. 238 (Tex.App.1882); *Sandig v. State*, 580 S.W.2d 584 (Tex.Cr.App.1979). Cf. *Delgado v. State*, 628 S.W.2d 68 (Tex.Cr.App.1982).

I also observe that the error of commission, by enlarging upon the allegation of the indictment, is aggravated by the fact that in the definitional portion of the charge the jury was given the statutory definition for the word "enter", as follows: "The term 'enter' means to intrude any part of the body or any physical object connected with the body," and was also given a "judge made" or non-statutory definition for the term "break", as follows: "By the term 'break' as used herein is meant the application of actual force to some part of a vehicle, such as the breaking of any glass vent, glass window, or windshield, or any other part of a vehicle, or the breaking or opening of any latch or locking device of a vehicle for the purpose of making entry into a vehicle." As easily seen, by the above definitions, the two words, "break" and "enter", are not defined to mean the same thing.

I, therefore, find that because of the error of commission in the charge to the jury, the jury in this instance could have used the *non-alleged theory* of "break into" in order

to have convicted the appellant for committing the alleged offense of burglary of a vehicle by entering the vehicle. This is impermissible.

The majority opinion's reliance upon *Cumbie v. State,* 578 S.W.2d 732 (Tex.Cr.App.1979), and *Payne v. State,* 596 S.W.2d 911 (Tex.Cr.App.1980), as authority for its position that the charge is not fundamentally erroneous is misplaced.

In *Cumbie v. State,* 578 S.W.2d 732 (Tex.Cr.App.1979), upon which the majority opinion relies, this Court expressly stated the following: "A third kind of fundamental error is committed when the charge to the jury authorizes conviction on the theory alleged in the indictment *and* on one or more other theories not alleged in the indictment." (734). [Emphasis Added]. This Court in *Cumbie* further pointed out the following: "The evil of the charge that enlarges on the indictment is that it authorizes conviction on proof different from (and sometimes less than) that required to prove the allegations in the indictment." (735). In *Cumbie,* the indictments alleged that the defendant threatened and placed the complainants in fear of imminent bodily injury. However, the court's charge authorized conviction if the jury found that the defendant threatened and placed the complainants in fear of imminent bodily injury *or death.* This Court rejected the defendant's assertion that fundamental error had occurred because of the addition of the phrase "or death," and held: "That evil is not present in this case, because proof of threatening and placing in fear of death is not different from (or less than) proof of threatening and placing in fear of bodily injury." (735).

However, in this instance, the appellant was only charged with "entering" the vehicle, and was not charged with "breaking" or "breaking into" the vehicle. The appellant was thus put on notice of one theory of how the offense was committed. The jury, however, was instructed that it could find him guilty if it found that he committed another, unalleged, theory of how the offense could be committed. As the Court of Appeals pointed out in its opinion: "A charge which submits a theory of the offense not pleaded in the complaint is fundamental error."

The Legislature, when it enacted the statute, mandated at least two distinct ways in which the offense of burglary of a vehicle may be committed: "A person commits an offense if, without the effective consent of the owner, he *breaks into or enters* a vehicle or any part of a vehicle with intent to commit any felony or theft." [Emphasis Added] By specifically defining the term "enter" in the statute, but not the term "break into", I find that the Legislature implicitly, if not expressly, stated that there would be a distinction between the terms "break into" and "enter." *

Furthermore, in *Cumbie,* supra, and *Payne,* supra, contrary to here, the addition in the *Cumbie* and *Payne* charges only concerned the entire theory of the way it was alleged the offenses were committed. In *Cumbie,* the State chose to charge the defendant under V.T.C.A., Penal Code, Sec. 29.02(2), "intentionally or knowingly threatens or places another in fear of imminent bodily injury or death," with the indictments not alleging "or death." However, the charge to the jury added the phrase, "or

---

* Implicit in the majority opinion is that a finding that appellant "broke into" the vehicle necessarily requires a finding that appellant "entered" the vehicle, thus rendering harmless the error in including an expanded theory of commission in the court's charge to the jury. See *Cumbie v. State,* supra.

However, under both the statutory definition and the definition given in the court's charge to the jury, "enter" means to "intrude any part of the body or any physical object *connected with the body.*" (Emphasis added) A finding of

"breaking into" would not necessarily require that a part of the breaker's body, or a physical object *connected with the breaker's body* be intruded into the thing broken into. For example, throwing a rock which strikes and shatters a window of a locked automobile would not constitute an "entry", as such is defined in the charge, even if the rock or shattered glass actually entered the vehicle. I therefore disagree with the majority's holding that a "breaking into" necessarily constitutes an "entry."

death." As pointed out in the opinion, the addition did not change the theory of how the offense could have been committed, because "every 'threatening and placing in fear of death' necessarily includes 'threatening and placing in fear of bodily injury." In actuality, the charge added to the State's burden to prove the theory of the offense that was alleged. The same is true of what occurred in *Payne.* Again, the particular theory of how the offense was committed was not changed in either *Cumbie* or *Payne* by what was added in the court's charge.

In this cause, however, V.T.C.A., Penal Code, Sec. 30.04, expressly provides two ways in which the offense of burglary of a vehicle may be committed: "break into" or "enters" a vehicle. In this instance, it was not alleged in the indictment that appellant "broke into" the vehicle, but merely alleged that he "entered" the vehicle. The charge, however, added a theory of how the offense could be committed. Had the Legislature seen fit to state that there was only one way that the offense could be committed, such as "break into" or "enter," then, of course, the addition in the charge of the non-stated method of how the offense could have been committed would present a question that might be resolvable by what the majority states. However, the Legislature did not see fit to do this.

I have concluded that the majority opinion represents a valiant effort to invoke an idea foreign to our jurisprudence, to-wit: although a defendant is not charged with committing in one of the ways how the offense may be committed, and thus not put on notice of what he must defend against, if the charge to the jury sufficiently instructs them on the non-alleged offense, then there cannot be error in the charge. I wholeheartedly disagree with and reject such a notion.

The judgment of the Court of Appeals should be affirmed, and not reversed. To the failure of the majority to so rule, I dissent.