Rogelio GARZA GARCIA, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–86–420–CR.

Court of Appeals of Texas,
Corpus Christi.

April 23, 1987.

Rehearing Denied June 25, 1987.

Mark Alexander, McAllen, Joseph A. Connors, III, McAllen, for appellant.

Theodore Hake, Asst. Dist. Atty., Edinburg, for appellee.

Before NYE, C.J., and KENNEDY and SEERDEN, JJ.

## OPINION

KENNEDY, Justice.

A jury convicted appellant for the offense of burglary of a vehicle, and the trial court assessed punishment at seven years' imprisonment. Appellant brings four points of error. We affirm the judgment of the trial court.

Appellant, by his first two points of error, complains that the evidence is insufficient to support the conviction. In reviewing the sufficiency of the evidence, an appellate court looks at all the evidence in the light most favorable to the verdict or judgment and determines whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Houston v. State*, 663 S.W.2d 455 (Tex.Crim.App.1984). The indictment alleged that appellant "did then and there without the effective consent of Cosme Muniz, the owner thereof, break into a vehicle, to wit: one (1) Ford automobile, with intent to commit theft...."

Officers Galindo and Armos, pursuant to a tip from a confidential informant, set up a surveillance of two automobile dealerships owned by Dick Dickenson. Armos testified that the appellant, at approximately 3:00 a.m. on December 17, 1985, entered the National Car Sales parking lot, surveyed the surrounding area, and then used a key to unlock the door of a black Ford Thunderbird automobile. Armos testified that appellant sat in the car and attempted to start the engine. However, based on subsequent investigation of the matter, Armos discovered that the automobile would not start due to a dead battery. Armos testified that appellant returned to his truck, which was being driven by an accomplice, and then he, Armos, radioed the above information to Galindo, who was surveying a nearby dealership.

Galindo testified that appellant and his accomplice proceeded to the Azteca Motor Dealership after they left the National Car Sales lot. At Azteca Motors, appellant again entered the dealership's parking lot, proceeded to a brown and white Ford pickup truck, and attempted to unlock the door. Galindo testified that appellant was unable to unlock the door and immediately exited the dealership. At this point, the officers arrested the appellant. Officer Armos testified that appellant had three or four different sets of automobile keys in his possession.

Cosme Muniz, the head of security for the automobile dealerships, testified that the appellant did not have the consent of Azteca Motors or National Car Sales to enter the automobiles. Further, Muniz testified that appellant did not have consent of the automobile dealerships to possess the keys to the automobiles.

Appellant testified that he went to the National Car Sales and Azteca Motor dealerships to "try to steal" the automobiles. Although the appellant admits to entering both dealerships' parking lots, he denied that he entered, or attempted to enter, either automobile. Instead, appellant testified that each time he approached the automobile he became scared and decided against stealing the automobiles. Appellant admitted that he bought the keys to the automobiles from an employee of the dealership for the purpose of stealing the automobiles.

Clearly, there is sufficient evidence to support the conviction. We overrule appellant's first two points of error.

Appellant, by his third and fourth points of error, complains that the trial court's charge to the jury was fundamentally defective, thereby violating his federal and state constitutional rights to due process, because the charge authorized the jury to convict the appellant if it found that appellant did "break into or enter" the vehicle,

when the indictment charged that appellant did "break into" the vehicle.

■ In the court's charge, "breaking into" is defined as the "opening of any latch or locking device of the vehicle for the purpose of making entry into the vehicle."[1] We hold that the trial court did not err, nor does the appellant contend that the trial court erred, in defining "breaking into". *See Landry v. State*, 653 S.W.2d 28, 29 (Tex.Crim.App.1983).

■ The trial court's error in charging the jury is fundamental error if it is so egregious and creates such harm that it deprives the accused of a fair and impartial trial. *Almanza v. State*, 686 S.W.2d 157, 172 (Tex.Crim.App.1984). This court will review not only the entire jury charge, but also the state of the evidence and the jury argument before deciding whether the error was so harmful as to require reversal. *Id.* The State, in the instant case, proved that the appellant "broke into" the automobile since the appellant used a key to open a locking device of a vehicle for the purpose of making entry into the vehicle, and entered the Ford Thunderbird automobile. The State's evidence was that appellant broke into and entered the automobile, while the defense denied so much as touching the automobile. In the instant case, appellant could not have entered the automobile without breaking into it. Therefore, the trial court's error in disjunctively charging the jury that a person commits an offense if he "enters" a vehicle is not fundamental error in this case; that is, it is not so egregious and does not create such harm that it deprives the accused of a fair and impartial trial. *See Robles v. State*, 653 S.W.2d 15, 16 (Tex.Crim.App.1983). We overrule appellant's third and fourth points of error.

Judgment of the trial court is affirmed.

---

1. The court's charge also defines "breaking into" as "the application of actual force to some part of a vehicle ... or the breaking ... of any latch or locking device of a vehicle for the purpose of making entry into a vehicle."