**Foster Craig REED a/k/a Frank Charles Reeder, Appellant,**

v.

**STATE of Texas, State.**

**No. 2–88–159–CR.**

Court of Appeals of Texas, Fort Worth.

March 30, 1989.

Pete Gilfeather, Fort Worth, for appellant.

Christopher A. Curtis, Donald E. Schnebly, Asst. Dist. Attys., Amy Ayers Adams, Dist. Atty., for the State.

Before HILL, LATTIMORE and MEYERS, JJ.

## OPINION

LATTIMORE, Justice.

Foster Craig Reed, appellant, was convicted by a jury of burglary of a motor vehicle and was sentenced by the jury as a prior offender to twenty years in the Texas Department of Corrections and a fine of $5,000. TEX.PENAL CODE ANN. sec. 30.04 (Vernon 1989).

We affirm.

On October 12, 1987, Devonna Ballard was asleep at her home. At approximately 9:00 a.m. her doorbell rang, but she did not answer the door. Ballard saw Reed walk across her driveway and get into her truck. Reed stayed in the truck for about one or two minutes while searching the cab of the truck. Reed got out of the truck and walked behind Ballard's house. Reed was apprehended about one mile from Ballard's house.

■ In his first point of error, Reed contends the trial court erred in failing to permit him to view the prospective jurors seated in order before dismissing thirty prospective jurors. Seventy-two people reported for jury duty for the week of Reed's trial. The trial judge decided he would need only forty-two people on the panel, so he dismissed thirty people.

"On the day that jurors appear for jury service in a county or district court, the judge, if jury trials have been set, shall select from the names on the jury lists a sufficient number of qualified jurors to serve on the jury panel." TEX.GOV'T CODE ANN. sec. 62.015(a) (Vernon 1988). Reed does not contend the judge discriminated in his selection of jurors or did not reserve a sufficient number of jurors. A defendant is entitled to a shuffle of the jury panel. TEX.CODE CRIM.PROC. ANN. art. 35.11 (Vernon 1966); *Mays v. State*, 726 S.W.2d 937, 947 (Tex.Crim.App. 1986) *cert. denied*, —— U.S. ——, 108 S.Ct. 1059, 98 L.Ed.2d 1020 (1988); *Latham v. State*, 656 S.W.2d 478, 479 (Tex.Crim.App. 1983); *Stark v. State*, 657 S.W.2d 115, 116 (Tex.Crim.App.1983). The defendant is not entitled to have a shuffle of all the people summoned to jury duty the week of his trial. *Latham*, 656 S.W.2d at 480. Reed's first point of error is overruled.

■ In his second and third points of error Reed contends the trial court erred in overruling his motion for a partial instructed verdict on the issue whether Reed "broke into" the truck and submitting a theory of the case not supported by the evidence. The basis of Reed's complaint in these points of error is his argument he did not "break into" the truck, but merely "entered" the truck. "Breaking into" and "entry" are not two separate ways of committing burglary. *Landry v. State*, 653 S.W. 2d 28, 29 (Tex.Crim.App.1983). The definition of "enter" is broad enough to include "break into." *Id.* The term "break into"

includes the term "enter." *Robles v. State,* 653 S.W.2d 15, 16 (Tex.Crim.App.1983). Therefore, Reed's argument is without merit because he broke into the truck by merely entering the truck. Judge Teague criticized the above definitions of "breaking" and "entering" in his dissenting opinion to *Robles.* *Robles,* 653 S.W.2d at 18 (Teague, J., dissenting). Reed has not explained any rationale for distinguishing his case from *Robles* and *Landry,* but even if we ignored those cases, his argument is without merit. Opening an unlocked door constitutes "breaking." *Jones v. State,* 458 S.W.2d 89, 91 (Tex.Crim.App.1970); *see also Robles,* 653 S.W.2d at 18 (Teague, J., dissenting). Reed's second and third points of error are overruled.

We affirm.